Frost J.
delivered the opinion of the Court.
The lease to Finney & Slawson expired the first of September, 1843. Slawson retired from the firm, and Jones succeeded him, as partner with Finney, in April, 1843. They continued to occupy the premises until December, 1845, without any agreement with the plaintiff, but paying the rent reserved by the lease. It cannot be questioned that the defendants hereby became tenants from year to year. It is a condition of such tenancy that neither party can determine it before the end of the year; nor then without reasonable notice; which, by the custom of Charleston, is three months. Godard, v. Rail Road Co., 2 Rich., 346. Whenever the tenant enters upon a new year, he is bound for that year, and so on, as long as he may occupy. Dod, v. Monger, 6 Mod., 215; Martin v. Watts, 7 Term R., 83; 6 Term R., 296.
It is contended, the tenancy of the defendants did not commence on the first of September, 1843, when the lease to Finney & Slawson expired; but in April, 1843, when their occupation began. They then entered on the unexpired tenancy of Finney & Slawson. The deed of the plaintiff demising the premises to Finney & Slawson, was not annulled; and until the end of the term granted by it, the plaintiff could not create a new tenancy, and did not, by the mere receipt of the rent from the defendants. Finney & Slawson were liable to *255 an action of covenant for the rent under the demise to them; and the voluntary payment by Finney & Jones of one quarter’s rent, could not be pleaded in bar of an action for rent which subsequently accrued. Finney & Jones could not make themselves tenants without the consent of the plaintiff, and vacate the security she had taken. If the defendants had been the assignees of Finney & Slawson, and had held over, their tenancy would commence on the day on which it commenced under the lease; and notice to quit on that day only would be good. Castleton, v. Samuel, 5 Esp. R., 173; Collins v. Weller, 7 Term R., 478. The defendants having entered on the third year, commencing the first of September, 1845, and having occupiedthe premises for four months, are liable to the plaintiff for the year’s rent.
The general rule is, that interest cannot be recovered on rent which accrues on a parol demise. In Dervill v. Stephens, 4 M’Cord, 59, which was an action for use and occupation, against a tenant, who held over after the termination of a written lease, it was held that interest was recoverable on the arrears of rent. The rule which was enforced against the original tenant, subjecting him not only to the express terms of the lease, but also to interest on arrears of rent, as a legal incident, cannot be extended to a stranger, whose tenancy begins after the written lease is expired.
A new trial is therefore granted, unless the plaintiff releases the interest.